UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

PHILIP TINSLEY, III

    Plaintiff,

    v.                                                                              Civil Action No.: 06-01621 (CKK)

THE ADAMS NATIONAL BANK/
ABIGAIL ADAMS NATIONAL BANK, INC.

**DEFENDANT'S MOTION TO DISMISS**

Defendant, Adams National Bank/Abigail Adams National Bancorp, Inc.,[1] (hereinafter AANB), respectfully moves this court to dismiss the complaint filed herein based upon plaintiff's continued violations of a standing order of this court docketed on June 5, 2006 in case No.: CV 06-0429 (RCL), *Philip Tinsley, III v. Hon. Alberto R. Gonzales, Attorney General of the United States*, and a standing court order from the U.S. District Court for the Eastern District of Virginia docketed on July 17, 2001 in case No.: CV 01-215, *Philip Tinsley, III v. FleetBoston Financial Corp.*, both orders banning plaintiff from filing any action in any federal district court without prior leave of the court, and pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Plaintiff should take notice that any factual assertions contained in the attached Memorandum in Support of this Motion and supporting exhibits will be accepted by the court as

---

[1] Abigail Adams National Bancorp, Inc. is a Delaware stock corporation with its principal place of business in the District of Columbia. Adams National Bank is a national bank wholly owned by Abigail Adams National Bancorp, Inc.

true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions therein. Furthermore, should the court treat the instant motion as one for summary judgment pursuant to Fed. R. Civ. P. 12(b)(6) and Rule 56 by reason of the attached documents in support of the motion, and absent any contravening affidavit or documentary evidence, the court may assume that the facts identified by the movant are admitted.

Dated: October 11, 2006                               Respectfully submitted,


  /s/ Laurance J. Ochs
Laurance J. Ochs (Bar # 42622)
1748 N Street, N.W.
Washington, D.C. 20036
(202) 331-9009

Counsel for Defendant,
Abigail Adams National Bancorp


**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing Defendant's Motion to Dismiss with accompanying Memorandum in Support of Motion and proposed Order, was mailed, first class, postage prepaid, this 11th day of October, 2006 to:

Mr. Philip Tinsley, III
148 Preston Circle
Fredericksburg, Virginia 22406

   /s/ Laurance J. Ochs
Laurance J. Ochs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

PHILIP TINSLEY, III

    Plaintiff,

    v.                                    Civil Action No.: 06-01621 (CKK)

THE ADAMS NATIONAL BANK/
ABIGAIL ADAMS NATIONAL BANK, INC.

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

**ARGUMENT**

1.    INJUNCTIONS AGAINST PLAINTIFF

Plaintiff, Philip Tinsley, III, is a serial litigator with unadulterated contempt and disrespect for the courts of the United States and orders issued therefrom. Plaintiff has brought over thirty claims in the United States District Courts around the country, each of which was dismissed as improvidently filed. Importantly, plaintiff has been recently barred by this court from filing "any further complaints or motions in any Federal court without prior leave of that court ..." *Philip Tinsley, III v. Hon. Alberto R. Gonzales, Attorney General of the United States*, case No.: CV 06-0429 (RCL) (D.D.C. June 5, 2006) (Exhibit 1 hereto). Prior to filing this instant action, plaintiff did not obtain leave of this court to file the same herein.

Furthermore, plaintiff was barred as early as July 17, 2001 from "filing any new action or proceeding in any federal court without first obtaining prior leave of court." *Philip Tinsley, III v. FleetBoston Financial Corp.*, 2:01 cv 215 at pp. 16-17 (E.D.Va. July 17, 2001), attached hereto as Exhibit 2. Prior to filing this instant action, plaintiff did not obtain leave of that court to file

1

the same herein.

Since 1999, it appears that plaintiff has filed no fewer than 17 pro se actions in the U.S. District Court for the Eastern District of Virginia.[1] In addition, plaintiff has filed at least 22 pro se actions in 12 other federal courts, including 4 actions in the U.S. District Court for the District of Columbia,[2] three (3) in the Court of Federal Claims and 1 in the Court of Appeals for the Federal Circuit.[3] Every one of these complaints have been dismissed.[4]

---

[1] Tinsley v. U.S. Senate Committee on the Judiciary, 1:99cv00952 (Order filed 10/1/99)(dismissed with prejudice); Tinsley v. U.S. Senate on Armed Services, 1:99cv00951 (Order filed 10/1/99)(dismissed with prejudice); Tinsley v. Eliot Spitzer, Attorney General for the State of New York, 1:99cv1342 (Order filed 2/16/00)(dismissed w/o prejudice pursuant to Fed.R.Civ.P. 4(m)); Tinsley v. The Honorable T. Rawles Jones, Jr. Magistrate Judge, United States District Court of Virginia, 1:99cv1822 (Order filed 1/18/00)(dismissed); Tinsley v. Metropolitan Life Ins. Co., 3:00cv056 (Order filed 3/16/00)(dismissed w/o prejudice to refiling in appropriate court); Tinsley v. Quick & Reilly, Inc., 2:00cv291 (Order filed 2/9/01)(dismissed with prejudice); Tinsley v. Everett A. Martin, Jr., Judge, Norfolk Circuit Court, 2:00cv00360 (Order filed 7/18/00)(dismissed with prejudice); Hospital Authority of Norfolk, et al. v. Bell, Tinsley, (Removal Order filed 7/13/00)(action remanded to Circuit Court of City of Norfolk); Tinsley v. Dept. of Motor Vehicles, 3:00cv0670 (Order filed 2/15/01)(dismissed with prejudice); Bell, et al. v. Bank of America, 2:00cv0880 (Order filed 7/11/01)(dismissed with prejudice); Tinsley v. Fairfax County Police, 1:01cv00279 (Order filed 9/20/01)(dismissed w/o prejudice pursuant to Fed.R.Civ.P. 4(m)); Tinsley v. Mark Warner, Governor of Virginia, 1:02cv00288 (Order filed 3/6/02)(dismissed as frivolous); Tinsley v. FleetBoston Financial Corp., 1:00cv02147 (Order filed 3/20/03)(transferred to Norfolk Division); Tinsley v. FleetBoston Financial Corp., 2:01cv00215 (Order filed 7/18/01)(dismissed with prejudice and plaintiff prohibited from future filings without leave of court); Shafik v. Tinsley, 1:03cv00103 (Removal Order filed 4/4/03)(case remanded to Fairfax County General District Court and Tinsley's counterclaims dismissed with prejudice); Tinsley v. Apple Federal Credit Union, 1:03cv00721 (Order filed 8/29/03)(dismissed); Tinsley v. Mary Washington Hosp., 3:06mc00005 (Order filed 3/16/06)(plaintiff denied leave to file complaint).

[2] Tinsley v. The Honorable Chief Justice William Rehnquist, 1:01cv01733 (D.D.C. 4/15/03)(dismissed w/o prejudice pursuant to Fed.R.Civ.P. 4(m)); Tinsley v. The Honorable J. Dennis Hastert, Speaker of the House, 1:01cv02342 (D.D.C. 6/18/02)(dismissed); Tinsley v. The Honorable Robert Mueller, Director of the Federal Bureau of Investigation, 1:03cv00059 (D.D.C. 5/14/03)(dismissed); Tinsley v. The Honorable Justice Ruth Bader Ginsburg, 1:03cv01539 (D.D.C. 2/9/04)(dismissed with prejudice).

[3] United States v. Tinsley, 10 Fed.Appx. 804, 2001 WL 569123 (Fed. Cir. 2001)(dismissed based on lack of jurisdiction to hear a challenge to a traffic violation conviction); Tinsley v. United States, 00cv35 (Fed.Cl.Ct. 1/27/00)(dismissed), aff'd 250 F.3d 759 (Fed. Cir. 2000)(unpublished opinion); Tinsley v. United States, 00cv162 (Fed.Cl.Ct. 8/4/00)(dismissed); Tinsley v. United States, 00cv283 (dismissed); Tinsley v. United States, 250 F.3d 759, 2000 WL 987040 (Fed. Cir. 2000)(summary

Undeterred by the injunction issued by this court against him in *Philip Tinsley, III v. Hon.*

---

affirmance of district court's dismissal of complaint granted).

⁴       Tinsley v. Verizon Maryland, Inc., 1:02cv2731 (D.Md.10/28/02) (dismissed) (sanctions ordered against plaintiff for failure to seek leave of court before filing complaint)(Order filed 11/27/02); Tinsley v. McGuire Woods, LLP, 1:02cv04044 (D.Md. 12/23/02) (dismissed with prejudice for failure to seek leave of court before filing complaint); Tinsley v. The Honorable Joseph A. Smith, Jr., Commissioner of Banks, 5:02cv0827 (E.D.N.C. 4/20/03)(dismissed), appeal dismissed for failure to prosecute, 03-1806 (4th Cir. 9/2/03); Tinsley v. BB&T Bank Corp., 1:03cv0970 (M.D.N.C. 3/5/05) (dismissed w/o prejudice for failure to obtain service); Tinsley v. American Bar Ass'n., 1:03cv02618 (N.D.Ill. 5/15/03) (*sua sponte* dismissal w/o prejudice for failure to state a claim); Tinsley v. David Komansky, Chairman of the Board and CEO of Merrill Lynch, Inc., 1:03cv02919 (S.D.N.Y. 10/15/03) (dismissed *sua sponte* and court certification that appeal from dismissal would not be taken in good faith); Tinsley v. The Honorable Jane Swift, Governor of Massachusetts, 1:02cv11327) (D.Mass. 10/8/02) (dismissed, Order filed 10/8/02); Tinsley v. Zions First National Bank, 2:03cv00682 (D.Utah 12/10/03) (dismissed with prejudice for failure to state a claim); Tinsley v. Equifax Information, 1:03cv00676 (N.D.Ga. 9/4/03) (dismissed); Tinsley v. Union Planters Corp., et al., 2:02cv02606 (W.D.Tenn. 8/8/02) (dismissed for lack of jurisdiction, failure to state a claim, lack of basis in law or fact and as frivolous, and further certifying that any appeal would not be taken in good faith); Tinsley v. Omaha State Bank, 8:05cv00311 (D.Neb. 1/4/06) (dismissed with prejudice); Tinsley v. Yale University, 3:94cv01578 (D.Conn. 7/24/96) (summary judgment in favor of Yale); Tinsley v. USAA Property & Casualty Ins. Group, 02cv930 (W.D.Tex. 11/13/02) (dismissed w/o prejudice and clerk instructed to refuse to accept further submissions from plaintiff except upon leave of court).

*Alberto R. Gonzales, Attorney General of the United States*, case No.: CV 06-0429 (RCL) (D.D.C. June 5, 2006), and the injunction issued against him in *Philip Tinsley, III v. FleetBoston Financial Corp.*, 2:01 cv 215 at pp. 16-17 (E.D.Va. July 17, 2001), plaintiff has yet again filed another complaint in this court without leave of this court or the U.S. District Court for the Eastern district of Virginia. Plaintiff's fraudulent concealment of these injunctions against him at the time he filed the complaint herein at the civil clerk's office is sufficient grounds for this court to dismiss the complaint herein with prejudice.

Several U.S. District courts have dismissed complaints filed by plaintiff based on the Virginia injunction. in <u>Tinsley v. Verizon Maryland, Inc.</u>, 1:02cv02731 (D.Md. 11/27/02), attached hereto as Exhibit 3, the court dismissed the action based on plaintiff's "flagrant disregard of the order of the Eastern District of Virginia enjoining him 'from filing any new action or proceeding in any federal court without first obtaining leave of that court.'" Moreover, the court in <u>Verizon</u> imposed a further sanction of $1,000.00 on plaintiff for his violation of the injunction. <u>Id</u>. <u>See</u> <u>also</u>: <u>Tinsley v. McGuire Woods, LLP</u>, 1:02cv04044 (D.Md. 12/23/02) (dismissed with prejudice for failure to seek leave of court before filing complaint).

Similarly, the District Court for the Western District of Tennessee, in <u>Tinsley v. Union Planters Corp.</u>, 2:02cv02606 (W.D.Tenn. 8/8/02), dismissed an action filed by plaintiff, and certified that any appeal taken from its dismissal order would not be taken in good faith based upon the standing Virginia injunction and plaintiff's long history of frivolous litigation.

Because plaintiff has filed this present action in violation of this court's injunction in <u>Gonzales</u>, and the injunction in <u>FleetBoston Financial</u>, this court is compelled to dismiss this action with prejudice.

2.    LACK OF JURISDICTION OVER THE SUBJECT MATTER

Part of the subject matter of the complaint appears to be plaintiff's complaint that Abigail Adams National Bancorp, Inc.'s ("AANB") stock transfer agent, American Stock Transfer & Trust (AST), has not transferred plaintiff's 404 shares of common stock of Consolidated Bank & Trust Company ("CBT") into AANB's common shares at an exchange ratio of .534 shares, or 215.74 shares of AANB common stock under an agreement of merger between AANB and CBT.[5] (See Exhibit 4 hereto).  Assuming the price of AANB's shares to be $14.14 as alleged by the plaintiff, (Complaint, p.4 and Attachment R), and at the exchange ratio of the merger, the amount in controversy is only $3,050.56 ($14.14 **X** 215.74 shares).

Plaintiff's only colorable claim of subject matter jurisdiction is under 28 U.S.C. '1332(a)(1). Federal courts are courts of limited jurisdiction, with the ability only to hear cases entrusted to them by a grant of power contained in either the Constitution or an act of Congress. City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973). Under 28 U.S.C. '1332(a)(1), district courts are empowered with jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000.00.  AANB does not dispute diversity of citizenship in this action. It does dispute that the matter in controversy in this action could not possibly exceed $75,000.00.

The Supreme court has stated the test for determining whether a claim satisfies the minimum dollar amount for diversity jurisdiction: the sum claimed by the plaintiff controls if the

---

[5]    Plaintiff's exhibits refer to shares of CBT owned by Harryette Hewin Bell and Samuel Harry Bell, but they are not parties in this case.

claim is apparently made in good faith. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). The Court added: "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id. But "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." Id.

As previously stated, on his own pleadings and attachments to the complaint, even assuming that plaintiff had a right to be paid as opposed to having a right to an exchange of stock under the merger, the amount in controversy does not meet the dollar amount required by 28 U.S.C. '1332(a)(1) of $75,000.00.

Accordingly, under Fed. R. Civ. P. 12(b)(1) the court must dismissed this case for lack of jurisdiction.[6]

3.  FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

The substance of plaintiff's complaint seems to be that he is entitled to have his old 404 shares of CBT stock paid for by AANB. See Complaint, p.2, &5 a. "... payment was not rendered;" &5 b. "... payment still was not rendered;" &5 c. "... payments were not rendered;" and

---

[6] While plaintiff seems to allege that AANB is liable for racketeering under the criminal RICO statute, 18 U.S.C. '1961, (see Complaint, p.3, &6), plaintiff has failed to allege any facts whatsoever to support any of the elements necessary to establish that AANB has engaged in racketeering activity in violation of 28 U.S.C. '1962.

&5 d. "... plaintiff still has not received the proceeds of the liquidation ..."

However, under the Agreement and Plan of Merger by and between Abigail Adams National Bancorp, Inc. and Consolidated Bank & Trust Company dated February 10, 2005, (Exhibit 5 hereto, Article III), the old CBT shareholders were not entitled to receive cash for their shares, other than any fractional share amount resulting from the exchange of CBT shares for AANB shares, but were only entitled to receive AANB shares.  See Article 3.1.3, Exhibit 5. Article 3.2 lays out the procedure for the plaintiff to follow to exchange his 404 CBT shares for AANB shares.  As is evidenced by plaintiff's attachments to his complaint, see plaintiff's Attachment A and B, it appears that plaintiff did not follow the instructions from AST: "You must submit your original certificates with this Letter of Transmittal." (Attachment B). Instead, as plaintiff's July 14, 2006 letter to AST makes clear, Attachment A, he simply demanded liquidation and payment to him of his shares.

Accordingly, because plaintiff has failed to allege, nor could he allege in any amendment to the Complaint, any basis upon which AANB is obligated to purchase plaintiff's old CBT shares, the court is compelled to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

WHEREFORE, for all the foregoing reasons, plaintiff's Complaint should be dismissed with prejudice, plaintiff should be enjoined again from filing any future actions in any federal court without leave of court, and the court should impose any additional sanctions it deems appropriate to prevent further abuse of the judicial system.[7]

---

[7] Pursuant to Fed. R. Civ. P. 11(c), after the expiration of the time provided for therein to permit plaintiff to withdraw his complaint, defendant will file with the court its motion for sanctions to include the forfeiture of plaintiff's shares.

Dated: October 11, 2006                                  Respectfully submitted,


  /s/ Laurance J. Ochs
Laurance J. Ochs (Bar # 42622)
1748 N Street, N.W.
Washington, D.C. 20036
(202) 331-9009
Counsel for Defendant,
Abigail Adams National Bancorp

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Civil Division

PHILIP TINSLEY, III

    Plaintiff,

    v.                              Civil Action No.: 06-01621 (CKK)

THE ADAMS NATIONAL BANK/
ABIGAIL ADAMS NATIONAL BANK, INC.

### **ORDER**

Upon consideration of the Defendant's Motion to Dismiss and any opposition thereto, it is this ____ day of _____, 2006, hereby

ORDERED, that the Motion to Dismiss is GRANTED; and it is

FURTHER ORDERED, that the Complaint herein be and the same is dismissed with prejudice; and it is

FURTHER ORDERED, that the plaintiff shall not file any further complaints or motions in any Federal court without first obtaining prior leave of the court.

                                                          _____
                                                          Colleen Kollar-Kotelly
                                                          United States District Judge

copies to:
Laurance J. Ochs, Esq.
1748 N Street, N.W.
Washington, D.C. 20036

Mr. Philip Tinsley, III
148 Preston Circle
Fredericksburg, Virginia 22406