IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

"PHILIP TINSLEY, III, in pro se :
 for COL(RET) PHILIP TINSLEY, JR." :
                                   :
v.                                 :   Civil Action No. WMN-02-2731
                                   :
VERIZON MARYLAND, INC.             :
                                   :

## ORDER

On October 28, 2002, this Court issued a memorandum and order dismissing this action based, in part, upon Mr. Tinsley's flagrant disregard of an order of the Eastern District of Virginia enjoining him "from filing any new action or proceeding in any federal court without first obtaining leave of that court." See Philip Tinsley, III v. FleetBoston Financial Corp., Civ. Action No. 2:02cv215, Order and Opinion at 16 (E.D. Va. July 17, 2001). In its October 28, 2002 Memorandum and Order, the Court also ordered Mr. Tinsley to show cause within 15 days why he should not face monetary sanctions for filing this action in violation of that injunction, and for his failure to disclose the injunctive order. Those fifteen days have now passed, and Mr. Tinsley has not filed any pleading in response.

In its motion for sanctions, Defendant asked the Court to impose a monetary sanction that would fully compensate Defendant for all of its attorneys' fees and costs associated with this litigation. While not supplying any accompanying documentation, Defendant's counsel has submitted an affidavit claiming

DEFENDANT'S EXHIBIT 3.

attorneys' fees of $5,668.20 and costs of $705.93. The Court is also mindful, however, that this action and many of the pleadings filed by Plaintiff, herein, were so patently frivolous that there is at least a question as to how comprehensive a response on the part of Defendant was required.

The Court deems that an appropriate sanction in this situation is $1,000. Accordingly, IT IS this 27th day of November, 2002, by the United States District Court for the District of Maryland, ORDERED:

1. That Defendant's Motion for Sanctions, Paper No. 9, is hereby GRANTED, and Plaintiff is hereby sanctioned in the amount of $1,000; and

2. That the Clerk of the Court shall mail copies of the foregoing Memorandum and this Order to Mr. Tinsley and all counsel of record.

_William M. Nickerson_
William M. Nickerson
Senior United States District Judge

---

[1] The Court does not, in any way, intend criticism of Defendant's counsel's conduct in this action. In dealing with pro se opponent litigants in situations such as this, it is often very difficult to gauge an appropriate level of response.