UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

PHILIP TINSLEY, III

    Plaintiff,

    v.                                                    Civil Action No.: 06-01621 (CKK)

THE ADAMS NATIONAL BANK/
ABIGAIL ADAMS NATIONAL BANCORP, INC.

## DEFENDANT'S MOTION FOR SANCTIONS

Defendant, Adams National Bank/Abigail Adams National Bancorp, Inc.,[1] (hereinafter AANB), respectfully moves this court pursuant to Fed. R. Civ. P. 11(c)(1)(A) for sanctions against plaintiff, Philip Tinsley, III, including enjoining plaintiff from filing any future action against defendant and any of its officers, directors, employees, agents and attorneys without prior leave of court, and payment to defendant of all of defendant's reasonable attorney's fees and expenses incurred as a direct result of the filing of this action, upon the following grounds:

    1.      Plaintiff has violated the injunctions against him issued by this court on June 5, 2006 in case No.: CV 06-0429 (RCL), *Philip Tinsley, III v. Hon. Alberto R. Gonzales, Attorney General of the United States*, and a standing court order from the U.S. District Court for the Eastern District of Virginia docketed on July 17, 2001 in case No.: CV 01-215, *Philip Tinsley,*

---

[1]     Abigail Adams National Bancorp, Inc. is a Delaware stock corporation with its principal place of business in the District of Columbia. Adams National Bank is a national bank wholly owned by Abigail Adams National Bancorp, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

PHILIP TINSLEY, III

    Plaintiff,

    v.                                                          Civil Action No.: 06-01621 (CKK)

THE ADAMS NATIONAL BANK/
ABIGAIL ADAMS NATIONAL BANCORP, INC.

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF ITS MOTION FOR SANCTIONS**

    Defendant, Adams National Bank/Abigail Adams National Bancorp, Inc., (hereinafter AANB), submits this memorandum in support of its motion for sanctions against plaintiff, Philip Tinsley, III, including, as a sanction, enjoining plaintiff from filing any future action against AANB and any of its officers, directors, employees, agents and attorneys without prior leave of court, and payment to AANB of all of its reasonable attorney's fees and expenses incurred as a direct result of the filing of this action.

**Background Facts**

<u>**Prior Cases**</u>

    Plaintiff, Philip Tinsley, III, is a serial litigator. Mr. Tinsley has brought over thirty claims in the United States District Courts around the country, each of which was dismissed as improvidently filed. Importantly, plaintiff has been recently barred by this court from filing "any further complaints or motions in any Federal court without prior leave of that court ..." *Philip Tinsley, III v. Hon. Alberto R. Gonzales, Attorney General of the United States*, case No.: CV 06-

1

0429 (RCL) (D.D.C. June 5, 2006) (Exhibit 1 to Defendant's Memorandum in Support of Its Motion to Dismiss). Prior to filing this instant action, plaintiff did not obtain leave of this court to file the same herein.

Furthermore, plaintiff was barred as early as July 17, 2001 from "filing any new action or proceeding in any federal court without first obtaining prior leave of court." *Philip Tinsley, III v. FleetBoston Financial Corp.*, 2:01 cv 215 at pp. 16-17 (E.D.Va. July 17, 2001) (Exhibit 2 to Defendant's Memorandum in Support of Its Motion to Dismiss). Prior to filing this instant action, plaintiff did not obtain leave of that court to file the same herein.

Since 1999, it appears that plaintiff has filed no fewer than 17 pro se actions in the U.S. District Court for the Eastern District of Virginia.[1] In addition, plaintiff has filed at least 22 pro se actions in 12 other federal courts, including 4 actions in the U.S. District Court for the District

---

[1] Tinsley v. U.S. Senate Committee on the Judiciary, 1:99cv00952 (Order filed 10/1/99)(dismissed with prejudice); Tinsley v. U.S. Senate on Armed Services, 1:99cv00951 (Order filed 10/1/99)(dismissed with prejudice); Tinsley v. Eliot Spitzer, Attorney General for the State of New York, 1:99cv1342 (Order filed 2/16/00)(dismissed w/o prejudice pursuant to Fed.R.Civ.P. 4(m)); Tinsley v. The Honorable T. Rawles Jones, Jr. Magistrate Judge, United States District Court of Virginia, 1:99cv1822 (Order filed 1/18/00)(dismissed); Tinsley v. Metropolitan Life Ins. Co., 3:00cv056 (Order filed 3/16/00)(dismissed w/o prejudice to refiling in appropriate court); Tinsley v. Quick & Reilly, Inc., 2:00cv291 (Order filed 2/9/01)(dismissed with prejudice); Tinsley v. Everett A. Martin, Jr., Judge, Norfolk Circuit Court, 2:00cv00360 (Order filed 7/18/00)(dismissed with prejudice); Hospital Authority of Norfolk, et al. v. Bell, Tinsley, (Removal Order filed 7/13/00)(action remanded to Circuit Court of City of Norfolk); Tinsley v. Dept. of Motor Vehicles, 3:00cv0670 (Order filed 2/15/01)(dismissed with prejudice); Bell, et al. v. Bank of America, 2:00cv0880 (Order filed 7/11/01)(dismissed with prejudice); Tinsley v. Fairfax County Police, 1:01cv00279 (Order filed 9/20/01)(dismissed w/o prejudice pursuant to Fed.R.Civ.P. 4(m)); Tinsley v. Mark Warner, Governor of Virginia, 1:02cv00288 (Order filed 3/6/02)(dismissed as frivolous); Tinsley v. FleetBoston Financial Corp., 1:00cv02147 (Order filed 3/20/03)(transferred to Norfolk Division); Tinsley v. FleetBoston Financial Corp., 2:01cv00215 (Order filed 7/18/01)(dismissed with prejudice and plaintiff prohibited from future filings without leave of court); Shafik v. Tinsley, 1:03cv00103 (Removal Order filed 4/4/03)(case remanded to Fairfax County General District Court and Tinsley's counterclaims dismissed with prejudice); Tinsley v. Apple Federal Credit Union, 1:03cv00721 (Order filed 8/29/03)(dismissed); Tinsley v. Mary Washington Hosp., 3:06mc00005 (Order filed 3/16/06)(plaintiff denied leave to file complaint).

2

of Columbia,[2] three (3) in the Court of Federal Claims and 1 in the Court of Appeals for the Federal Circuit.[3] Every one of these complaints have been dismissed.[4]

---

[2] Tinsley v. The Honorable Chief Justice William Rehnquist, 1:01cv01733 (D.D.C. 4/15/03)(dismissed w/o prejudice pursuant to Fed.R.Civ.P. 4(m)); Tinsley v. The Honorable J. Dennis Hastert, Speaker of the House, 1:01cv02342 (D.D.C. 6/18/02)(dismissed); Tinsley v. The Honorable Robert Mueller, Director of the Federal Bureau of Investigation, 1:03cv00059 (D.D.C. 5/14/03)(dismissed); Tinsley v. The Honorable Justice Ruth Bader Ginsburg, 1:03cv01539 (D.D.C. 2/9/04)(dismissed with prejudice).

[3] United States v. Tinsley, 10 Fed.Appx. 804, 2001 WL 569123 (Fed. Cir. 2001)(dismissed based on lack of jurisdiction to hear a challenge to a traffic violation conviction); Tinsley v. United States,

---

00cv35 (Fed.Cl.Ct. 1/27/00)(dismissed), aff'd 250 F.3d 759 (Fed. Cir. 2000)(unpublished opinion); Tinsley v. United States, 00cv162 (Fed.Cl.Ct. 8/4/00)(dismissed); Tinsley v. United States, 00cv283 (dismissed); Tinsley v. United States, 250 F.3d 759, 2000 WL 987040 (Fed. Cir. 2000)(summary affirmance of district court's dismissal of complaint granted).

[4] Tinsley v. Verizon Maryland, Inc., 1:02cv2731 (D.Md.10/28/02) (dismissed) (sanctions ordered against plaintiff for failure to seek leave of court before filing complaint)(Order filed 11/27/02); Tinsley v. McGuire Woods, LLP, 1:02cv04044 (D.Md. 12/23/02) (dismissed with prejudice for failure to seek leave of court before filing complaint); Tinsley v. The Honorable Joseph A. Smith, Jr., Commissioner of Banks, 5:02cv0827 (E.D.N.C. 4/20/03)(dismissed), appeal dismissed for failure to prosecute, 03-1806 (4th Cir. 9/2/03); Tinsley v. BB&T Bank Corp., 1:03cv0970 (M.D.N.C. 3/5/05) (dismissed w/o prejudice for failure to obtain service); Tinsley v. American Bar Ass'n., 1:03cv02618 (N.D.Ill. 5/15/03) (*sua sponte* dismissal w/o prejudice for failure to state a claim); Tinsley v. David Komansky, Chairman of the Board and CEO of Merrill Lynch, Inc., 1:03cv02919 (S.D.N.Y. 10/15/03) (dismissed *sua sponte* and court certification that appeal from dismissal would not be taken in good faith); Tinsley v. The Honorable Jane Swift, Governor of Massachusetts, 1:02cv11327) (D.Mass. 10/8/02) (dismissed, Order filed 10/8/02); Tinsley v. Zions First National Bank, 2:03cv00682 (D.Utah 12/10/03) (dismissed with prejudice for failure to state a claim); Tinsley v. Equifax Information, 1:03cv00676 (N.D.Ga. 9/4/03) (dismissed); Tinsley v. Union Planters Corp., et al., 2:02cv02606 (W.D.Tenn. 8/8/02) (dismissed for lack of jurisdiction, failure to state a claim, lack of basis in law or fact and as frivolous, and further certifying that any appeal would not be taken in good faith); Tinsley v. Omaha State Bank, 8:05cv00311 (D.Neb. 1/4/06) (dismissed with prejudice); Tinsley v. Yale University, 3:94cv01578 (D.Conn. 7/24/96) (summary judgment in favor of Yale); Tinsley v. USAA Property & Casualty Ins. Group, 02cv930 (W.D.Tex. 11/13/02) (dismissed w/o prejudice and clerk instructed to refuse to accept further submissions from plaintiff except upon leave of court).

Undeterred by the injunction issued by this court against him in *Philip Tinsley, III v. Hon. Alberto R. Gonzales, Attorney General of the United States*, case No.: CV 06-0429 (RCL) (D.D.C. June 5, 2006), and the injunction issued against him in *Philip Tinsley, III v. FleetBoston Financial Corp.*, 2:01 cv 215 at pp. 16-17 (E.D.Va. July 17, 2001), plaintiff has yet again filed another complaint in this court without leave of this court or the U.S. District Court for the Eastern District of Virginia. Plaintiff's fraudulent concealment of these injunctions against him at the time he filed the complaint herein at the civil clerk's office is sufficient grounds for this court to sanction the plaintiff.

Several U.S. District courts have dismissed complaints filed by plaintiff based on the Virginia injunction. In Tinsley v. Verizon Maryland, Inc., 1:02cv02731 (D.Md. 11/27/02) (Exhibit 3 to Defendant's Memorandum in Support of Its Motion to Dismiss), the court dismissed the action based on plaintiff's "flagrant disregard of the order of the Eastern District of Virginia enjoining him 'from filing any new action or proceeding in any federal court without first obtaining leave of that court.'" Moreover, the court in Verizon imposed a sanction of $1,000.00 on plaintiff for his violation of the injunction. Id. See also: Tinsley v. McGuire Woods, LLP, 1:02cv04044 (D.Md. 12/23/02) (dismissed with prejudice for failure to seek leave of court before filing complaint).

Similarly, the District Court for the Western District of Tennessee, in Tinsley v. Union Planters Corp., 2:02cv02606 (W.D.Tenn. 8/8/02), dismissed an action filed by plaintiff, and certified that any appeal taken from its dismissal order would not be taken in good faith based upon the standing Virginia injunction and plaintiff's long history of frivolous litigation.

Because plaintiff has filed this present action in violation of this court's injunction in

5

Gonzales, and the injunction in FleetBoston Financial, this court is compelled to sanction plaintiff.

## Procedural Setting

On September 18, 2006, plaintiff filed this *pro se* action alleging that he had been damaged in the amount of $1,078,980.00 by reason of AANB's stock transfer agent, American Stock Transfer & Trust (AST), not having transferred plaintiff's 404 shares of common stock of Consolidated Bank & Trust Company ("CBT") into AANB's common shares pursuant to an agreement of merger between AANB and CBT. On October 11, 2006, AANB filed its motion to dismiss. On October 17, 2006, this court, *sua sponte*, entered an order directing that the plaintiff respond to defendant's motion to dismiss no later than November 14, 2006, absent which the court would treat defendant's motion as conceded.

Prior thereto, on October 13, 2006, pursuant to Fed. R. Civ. P. 11(c)(1), AANB served a motion for sanctions upon plaintiff. Subsequently, plaintiff did not withdraw his complaint under the "safe harbor" provision of Fed. R. Civ. P. 11(c)(1). Thereafter, on November 6, 2006, AANB filed its motion for sanctions along with this supporting memorandum with the court.

## Law and Argument

Plaintiff filed this action knowing full well that he had been enjoined from filing any actions in any U.S. District Court "without prior leave of that court." Gonzales, supra. In addition, plaintiff filed this action with the knowledge that he had no evidence to support his allegations, nor did he have any basis upon which this court could claim jurisdiction over this matter.

Federal Rule of Civil Procedure 11(b) provides in pertinent part:

6

> Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as t harass or to cause unnecessary delay or needless increase in the cost of the litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

Philip Tinsley signed and filed his pleadings in this court. Given Mr. Tinsley's litigation experience, he is not entitled to any special leniency. Moreover, as Mr. Tinsley already has been sanctioned by more than one court, he is on clear notice of the consequences for proceeding on baseless claims,[5] and claims not authorized to be filed without the consent of the court. Clearly, Mr. Tinsley's pleadings were brought for an improper purpose, i.e. to force AANB to buy Mr. Tinsley's CBT shares when there is no legal basis upon which AANB is required to buy such shares. His claims, therefore, are unwarranted in law, and his allegations have no evidentiary support. Accordingly, the court is compelled to sanction Mr. Tinsley under Rule 11.

### A.  <u>Monetary Sanctions Should be Awarded to AANB</u>

Rule 11 allows directives of a nonmonetary nature, a monetary penalty payable into

---

[5] For brevity, AANB incorporates herein its arguments made in its Motion to Dismiss and Memorandum in Support thereof.

court, or reimbursement of some or all of the movant's reasonable attorney's fees and other expenses "incurred as a direct result of the violation." Fed. R. Civ. P. 11(c)(2). The D.C. Circuit has held that "once the district court finds that a pleading is not well grounded on fact, not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, or is interposed for any improper purpose, 'Rule 11 requires that sanctions of some sort be imposed.'" Rafferty v. NYNEX Corp., 60 F.3d 844, 852 (D.C.Cir.1995). A monetary sanction imposed because of the Rule 11 violation must be based on the costs actually incurred as a result of that violation, and must also be sufficient to deter others from engaging in similar behavior. See United States v. Wallace 964 F.2d 1214, 1221 n.6 (D.C.Cir.1992); Shepherd v. American Broadcasting Cos., Inc., 62 F.3d 1469, 1478 (D.C.Cir.1995). In determining an award for monetary sanctions, courts consider (1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation. In re Kuntsler, 914 F.2d 505, 523 (4th Cir.1990).

      There can be no doubt that Mr. Tinsley's violation of Rule 11 is severe. Mr. Tinsley is under injunction orders from this court and the U.S. District Court for the Eastern District of Virginia prohibiting him from filing any pleading without first obtaining approval from the court. Unfortunately for AANB, Mr. Tinsley was not deterred by these court orders from filing yet another frivolous litigation. Instead, AANB has sustained attorneys fees and costs totalling $6,510.60 as of November 6, 2006. (See Declaration of Laurance Ochs, Esq., attached as Exhibit 1). Those fees and costs will continue to rise as AANB will no doubt have to defend against Mr. Tinsley's opposition to this sanctions motion and AANB's motion to dismiss.

      The attorneys fees sustained by the defendant in this case are certainly reasonable given

the hours of work performed. Monetary sanctions in this case are proper, and it is appropriate for such sanctions to take the form of payment of attorneys' fees and expenses directly to the defendant. AANB has incurred significant legal fees and expenses in defending against Mr. Tinsley's baseless allegations. These incurred costs are within AANB's retention limits of any liability insurance that may be applicable to Mr. Tinsley's claims and, therefore, are being borne directly by AANB. Given Mr. Tinsley's direct disobedience to the prior court injunctions against him, and the frivolous claims asserted in his complaint, it is only fair that he pay the costs of AANB's defense. See Walker v. Norwest Corp., 108 F.3d 158 (8th Cir.1997)(awarding monetary sanctions for the full amount of defendant's attorneys' fees and expenses when plaintiff had filed a diversity suit without alleging diversity); Katzman v. Victoria's Secret Catalogue, 167 F.R.D. 649, 661 (S.D.N.Y.1996), *aff'd* 113 F.3d 1229 (2nd. Cir.1997)("Under the amended Rule 11, courts in this district have imposed monetary sanctions for frivolous contentions of law").

      **B.**      **Pre-filing Injunction Against Philip Tinsley as a Further Sanction.**

Given Philip Tinsley's propensity to file baseless claims in this and other courts, an appropriate additional sanction would be a pre-filing injunction against Mr. Tinsley prohibiting him from filing any claims against AANB and any of its officers, directors, agents, subsidiaries and affiliates. Such an injunction is appropriate under the All Writs Act, which grants federal courts the power to "limit access to the courts by vexatious and repetitive litigants." 28 U.S.C. '1651(a). In this Circuit, "it is well-settled that a court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice." Urban v. United Nations, 768 F.2d 1497, 1499-1500 (D.C.Cir.1985). Where an injunction is necessary to "protect or effectuate [the court's] judgments" a federal court may also enjoin filing

of lawsuits in state courts. 28 U.S.C. '2283.

In deciding whether to grant the injunction, a court must weigh all the relevant circumstances, including:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812,818 (4th Cir.2004).

It is almost certain that unless the court intervenes and issues an injunction enjoining plaintiff from filing any claims against AANB and any of its officers, directors, agents, subsidiaries and affiliates arising out of plaintiff's ownership of CBT stock, Philip Tinsley will refile a substantially similar pleading in this or some other court. AANB will again be put to the time and expense of refuting the specious claims of Mr. Tinsley without any effective recourse. Whether Mr. Tinsley is able to pay monetary sanctions[6] is irrelevant to the necessity for this court to order an injunction. The court should protect AANB and the court system from Mr. Tinsley's abuses by the issuance of a permanent injunction.

## CONCLUSION

Philip Tinsley's pleadings in this case were a violation of the injunctions issued against him, and were violative of Fed. R. Civ. P. 11 because Mr. Tinsley's claims were brought for an

---

[6] A prior monetary sanction of $1,000 (see Tinsley v. Verizon Maryland, Inc., 1:02cv02731 (D.Md. 11/27/02)) did not deter Mr. Tinsley from subsequently filing spurious claims over the following 4 years without permission from the court.

improper purpose, his claims were unwarranted in law, and his allegations had no evidentiary support. The history of Mr. Tinsley's previous cases show that Mr. Tinsley will continue to pursue frivolous litigation against AANB unless the court grants a sufficient deterrent.

Accordingly, the court should award AANB its attorneys' fees and expenses, and a permanent injunction against further suits by Mr. Tinsley against AANB and any of its officers, directors, agents, subsidiaries and affiliates in order to deter Philip Tinsley from instituting future frivolous and harassing claims.

Dated: November 6, 2006                                             Respectfully submitted,

  /s/ Laurance J. Ochs
Laurance J. Ochs (Bar # 42622)
1748 N Street, N.W.
Washington, D.C. 20036
(202) 331-9009

Counsel for Defendant,
Abigail Adams National Bancorp

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendant's Motion for Sanctions and Memorandum in Support was mailed, first class, postage prepaid, this 6th day of November, 2006 to:

Mr. Philip Tinsley, III
148 Preston Circle
Fredericksburg, Virginia 22406

   /s/ Laurance J. Ochs
Laurance J. Ochs

*III v. FleetBoston Financial Corp.*, both orders banning plaintiff from filing any action in any federal district court without prior leave of the court;

  2. The initial complaint in this case is being presented for an improper purpose, including the harassment of defendant, and not to vindicate any genuine legal right of plaintiff;

  3. The claims alleged in the complaint against defendant are not warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law; and

  4. The allegations of the complaint against the defendant lack evidentiary support.

  Plaintiff should take notice that any factual assertions contained in the attached

Dated: November 6, 2006            Respectfully submitted,

                           /s/ Laurance J. Ochs
                          Laurance J. Ochs (Bar # 42622)
                          1748 N Street, N.W.
                          Washington, D.C. 20036
                          (202) 331-9009

                          Counsel for Defendant,
                          Abigail Adams National Bancorp

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing Defendant's Motion for Sanctions was mailed, first class, postage prepaid, this 6th day of November, 2006 to:

Mr. Philip Tinsley, III
148 Preston Circle
Fredericksburg, Virginia 22406

                          /s/ Laurance J. Ochs
                          Laurance J. Ochs